

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN A. SCHWARTZMILLER,<br><br>Petitioner,<br><br>vs.<br><br>KENNETH CLARK, Warden,<br><br>Respondent. | C 10-0057 JSW (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY** |

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court, and petitioner has filed a traverse. For the reasons set out below, the petition is denied.

## BACKGROUND

Petitioner was convicted of 10 counts of lewd and lascivious acts on a child under 14 years of age. *See* Cal. Penal Code § 288(a). The jury found true the allegations that he committed the crime against more than one victim, *see id.* §§ 667.61(b), (e), and that he had substantial sexual contact with the victims, *see id.* § 1203.066(a)(8). In addition, the jury found appellant guilty of one count of inducing a minor to pose for a sexual photograph, *see id.* § 311.4(c); and one misdemeanor count of possessing child pornography, *see id.* § 311.11(a). He was sentenced to prison for 152 years to life. His conviction and sentence were affirmed by the California Court of Appeal and his petition for review in the California Supreme Court was denied.

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322 at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the

petitioner's claims, the court looks to the last reasoned opinion, in this case that of the California Court of Appeal. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir. 2000).

## DISCUSSION

Petitioner was convicted of sexually abusing teenage boys R. and M. *People v. Schwartzmiller*, No. H031156, 2008 WL 4947264 at *1 (Cal. Ct. App. Nov. 19, 2008). Both boys testified to repeated sexual incidents over a period of time. *Id.* at *1-3. In addition, the prosecution presented testimony by six other witnesses that they were extensively abused by petitioner when they were teenagers. *Id.* at *4-6. Notebooks and a manuscript belonging to petitioner also were introduced; a police witness testified that he had examined the manuscript – labeled "fiction" – and concluded that it recorded molestations of 105 victims in eight states, Mexico and Brazil, and that the notebooks mentioned 250 to 300 victims. *Id.* at * 20.

As grounds for habeas relief petitioner claims (1) that his due process rights were violated by admission of the "other bad acts" evidence of his manuscript and notebooks, and (2) that his due process and jury trial rights were violated by the trial court's exclusion of "other bad acts" evidence in support of his defense that his roommate was responsible for the offenses. The California Court of Appeals held that both of these claims were forfeited by petitioner's failure to make a contemporaneous objection on the grounds he relied upon in the appeal, which were the same as those he raises here. *Id.* at *15, 22.

The Ninth Circuit has recognized and applied the California contemporaneous objection rule in affirming denial of federal petitions on grounds of procedural default where there was a failure to object at trial. *See Inthavong v. Lamarque*, 420 F.3d 1055, 1058 (9th Cir. 2005) (holding petitioner barred from challenging admission of evidence for failure to object at trial); *Davis v. Woodford*, 384 F.3d 628, (9th Cir. 2004) (holding objection on evidentiary ground insufficient to preserve constitutional claim, which therefore was procedurally barred on federal habeas); *Paulino v. Castro*, 371 F.3d 1083,

1092–93 (9th Cir. 2004) (holding petitioner barred from challenging jury instruction for failure to object at trial); *Vansickel v. White*, 166 F.3d 953, 957–58 (9th Cir. 1999) (holding petitioner barred from challenging denial of peremptory challenges for failure to contemporaneously object).

Petitioner contends that he did object to admission of the "other bad acts" evidence, but because the California courts are the final expositors of California law, this court must accept the state appellate court's conclusion as to its state procedural bar. *See Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) (federal courts lack jurisdiction to review state court applications of procedural rules; refusing to review state court's finding of procedural default). The claims here thus are barred unless petitioner can show grounds to avoid the bar. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (petitioner can avoid procedural bar by demonstrating cause for the default and actual prejudice, or demonstrating that failure to consider the claims will result in a fundamental miscarriage of justice). Petitioner does not even attempt to do so. Both claims therefore are procedurally barred, and the petition must be denied.

## CONCLUSION

The petition for a writ of habeas corpus is DENIED. A certificate of appealability is DENIED. The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: DEC 23, 2011.

JEFFREY S. WHITE
United States District Judge

G:\PRO-SE\JSW\HC.10\Schwartzmiller0057.deny.wpd

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN A. SCHWARTZMILLER,<br><br>    Plaintiff,<br><br>v.<br><br>KENNETH CLARK et al,<br><br>    Defendant.                 / | Case Number: CV10-00057 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 23, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dean A. Schwartzmiller
F67490
P.O. Box 5246
Corcoran, CA 93212


Dated: December 23, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk